UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOUSA AL MAHA BASHEER,<br><br>Petitioner,<br><br>v.<br><br>DAVID W. JENNINGS, *et al.*,<br><br>Respondents. | Case No. 1:18-cv-00585-JDP<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE GRANTED<br><br>ORDER DIRECTING CLERK OF COURT TO SERVE DOCUMENTS ON U.S. ATTORNEY |

Petitioner is detained by the U.S. Bureau of Immigration and Customs Enforcement ("ICE") and is proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2241. This matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, which the court applies to Section 2241 proceedings. *See* Rules Governing Section 2254 Cases, Rule 1(b); 28 U.S.C. § 2243. Under Rule 4, the assigned judge must promptly examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief.

The undersigned has reviewed the petition. (Doc. No. 1.) Petitioner alleges that he was born in Sudan, entered the United States as a refugee in 2009, and was detained by ICE in July 2017. Petitioner contends that his continued detention violates 8 U.S.C. § 1231(a)(6) and is unlawful. The undersigned will require a response to the petition, set a 45-day briefing schedule, and order service of documents.

1

For these reasons,

1. Respondents must show cause why the petition should not be granted. The return to the order to show cause is due within forty-five (45) days of the date of service of this order. Petitioner may file a traverse to the return within ten (10) days of the date the return is filed with the court.
2. Respondents must file with the return a copy of petitioner's alien file and all other documents relevant to the determination of the issues raised in the petition. *See* Rules Governing Section 2254 Cases, Rule 5.
3. If petitioner is released from ICE custody during the pendency of the petition, the parties must notify the court within fourteen (14) days of petitioner's release by filing a motion to dismiss the petition or other proper motion.
4. The clerk of the court is directed to serve a copy of the petition on the U.S. Attorney.

All motions must be submitted on the record and briefs are to be filed without oral argument unless otherwise ordered by the court. *See* Local Rule 230(l). Extensions will be granted only upon a showing of good cause. If a party requires an extension, that party should file a motion for amendment of the schedule before the relevant deadline has passed and should explain in detail why an extension is required. Local Rule 110 applies to this order.

If the parties fail to notify the court that petitioner has been released, the parties may be subject to sanctions. *See* Local Rule 110.

IT IS SO ORDERED.

Dated: June 15, 2018 /s/ *Jeremy D. Peterson*
UNITED STATES MAGISTRATE JUDGE